HANSEN et al. v. UNIFORM SEAMLESS WIRE CO.

(Circuit Court of Appeals, First Circuit. June 15, 1917.)

No. 1259.

1. CORPORATIONS ⬦308(6)—OFFICERS—SALARY—AMOUNT.

Where the general manager of a corporation abandoned all claim for salary at the rate fixed in a written contract for ten years, and it was understood between him and the treasurer of the corporation that the sums paid to him as salary should be in full for his services, in view of the corporation's financial condition, he had no claim against the company for additional salary, either on express contract or under a claim in quantum meruit.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1341, 1342.]

2. FRAUDS, STATUTE OF ⬦44(3), 139(1)—CONTRACTS OF EMPLOYMENT—TIME OF PERFORMANCE.

The agreement under which such general manager was paid was not within the statute of frauds, as it did not cover any fixed period, and was fully executed by both parties.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 66, 334, 337.]

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
243 F.—12

3. BANKRUPTCY ☞60—ACTS OF BANKRUPTCY—APPLICATION FOR RECEIVERSHIP.

 The directors of a foreign corporation voted to apply for a receivership or for bankruptcy, and a committee was appointed with power to act; but no action was taken pursuant to the vote, and the application for a receiver was made by four stockholders, three of whom were creditors, under Gen. Laws, R. I., c. 213, § 27, as amended by Laws 1909, c. 424, which authorizes the appointment of a receiver for a foreign corporation on the petition of any stockholder or creditor. *Held,* that the corporation did not apply for a receiver, thereby committing an act of bankruptcy, especially as, under the statute, the application could not have been made by the corporation.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80.]

Appeal from the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Petition by Charles E. Hansen, doing business as the Platinide Company, and others, to have the Uniform Seamless Wire Company adjudicated a bankrupt, in which Conley & Straight intervened. From a decree dismissing the petition (235 Fed. 616), the petitioning creditors appeal. Affirmed.

Peter C. Cannon, of Providence, R. I. (James T. Egan, of Providence, R. I., on the brief), for appellants.

E. Butler Moulton and J. Jerome Hahn, both of Providence, R. I. (Mumford, Huddy & Emerson, Hahn, Joslin & McCanna, and Charles C. Mumford, all of Providence, R. I., on the brief), for appellee.

Before DODGE and BINGHAM, Circuit Judges, and HALE, District Judge.

BINGHAM, Circuit Judge. This is an appeal from a decree entered in the United States Court for the District of Rhode Island in favor of the respondent, the Uniform Seamless Wire Company, a Maine corporation, doing business at Providence, and Conley & Straight, interveners, dismissing a petition brought by Charles E. Hansen, doing business under the name of the Platinide Company, William H. Miller & Sons, J. M. Anthony & Co., and Joseph T. Boland, all of Providence, asking to have the Uniform Seamless Wire Company declared a bankrupt.

In the petition it was alleged that the petitioners were creditors of the Wire Company, whose claims amounted to more than $500, and that the company had committed an act of bankruptcy, in that, being insolvent, it had, on the 7th day of March, 1916, applied for the appointment of a receiver under the laws of the state of Rhode Island. In answering the petition, the respondents denied that the Wire Company had committed an act of bankruptcy, and that Boland was a creditor of the company. If Boland was not a creditor, the claims of the other petitioners did not equal the requisite jurisdictional amount. The application for the receiver alleged that the corporation was insolvent, in that it was unable to pay its debts as they matured. In re William S. Butler & Co., Inc., 207 Fed. 705, 125 C. C. A. 223; s. c., Palmenberg v. William S. Butler & Co., 231 U. S. 752, 34 Sup. Ct. 322,

58 L. Ed. 467; Maplecroft Mills v. Childs, 226 Fed. 415, 141 C. C. A. 245.

In the District Court, Boland was found not to be a creditor, for the reasons:

(1) That the contract purporting to be executed May 20, 1909, between the corporation and Boland, employing the latter as general manager of the corporation at a salary of $100 per week for the term of ten years from May 14, 1909, was not a contract in substance, but in form only, and was never assented to at any time by any person representing the corporation independently; (2) that Boland abandoned all claim for salary at the contract rate; (3) that Boland, by his failure for about six years to assert his claim for salary at the contract rate, and by his knowledge that no indebtedness for the claim was stated as a liability of the corporation, was estopped as against all other stockholders and all creditors from asserting his claim against the corporation; and (4) that, as the corporation was without funds with which to conduct its business unless its preferred stock could be sold, Boland, as owner of substantially all the common stock, was interested in creating and maintaining a credit for the company, and, through an arrangement with the treasurer, accepted sums from time to time in payment for his services as general manager, and thereby foreclosed any right he may have had to recover a larger sum on quantum meruit.

[1, 2] Various contentions are made; but we do not find it necessary to consider all of them, and in particular whether the court erred in holding that the contract of May 20, 1909, between Boland and the Wire Company was invalid, or in holding that Boland was estopped to assert his claim as a creditor, for it seems to us that the evidence fully warrants the finding of the court below that Boland abandoned all claim for salary at the rate named in the contract of May 20th, and that, in view of the financial condition of the company and his conduct in the premises, it was understood between him and Astle, the treasurer, that the sums paid to him as salary should be in full for his services, and that, having waived or abandoned his right to the salary stipulated for in the contract of May 20th, and agreed to accept the sums paid him in satisfaction for his services, he has no claim against the company, either on the express contract or under a claim in quantum meruit. The agreement under which he was paid for his services was not within the statute of frauds, for it did not cover any fixed period and was fully executed by both parties.

[3] We are also of the opinion that the petition could have been dismissed on the ground that the Wire Company, if insolvent, had not committed an act of bankruptcy as alleged in the petition. The allegation was that the corporation, being insolvent, on the 7th day of March, 1916, applied for a receiver of its property under the laws of the state of Rhode Island; and the question is whether the corporation, assuming it to have been insolvent within the meaning of the Bankruptcy Law (which it was not, if Boland was not a creditor), applied for a receiver. It appeared in evidence that, at a meeting of the directors of the corporation on March 6, 1916, it was voted to apply for receivership or for bankruptcy, and a committee, consisting of two of the direc-

tors, was appointed with power to act in the matter. No action appears to have been taken pursuant to this vote. The application for the receiver was made, not by the corporation, but by four of its stockholders, all of whom, but one, were also creditors of the corporation, pursuant to section 27, chapter 213, of the General Laws of the State of Rhode Island, as amended by chapter 424 of the Session Laws of 1909, which provides:

"Whenever any corporation incorporated under the laws of any other state, and having an estate or effects in this state, is insolvent, * * * the superior court may, upon the petition of any stockholder or creditor of such corporation incorporated under the laws of any other state, and upon such reasonable notice as the court may prescribe, appoint a receiver of its estate and effects in this state, and distribute the same in accordance with the equitable rights of the parties."

As the Wire Company was a foreign corporation, it could not, under the provisions of this statute, make an application for a receiver, and the weight of the testimony is that the application in question was not made in behalf of the corporation, pursuant to the vote of the directors, but, as stated in the application, in behalf of the petitioners as stockholders and creditors of the corporation.

The assignment of error relating to the refusal of the court below to reopen the case for further evidence raises no question of law. The petitioners, so far as the record discloses, had full opportunity at the trial to present their evidence. The case having been closed, it was discretionary with the trial judge whether he would thereafter reopen the same.

Entertaining these views, we think the court below did not err in dismissing the petition.

The decree of the District Court is affirmed, with costs to the appellee.